**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| WCM Industries, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-CV-00170 |
| | ) | |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Herbert Hoeptner III | ) | |
| d/b/a Hoeptner Perfected Products, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WCM Industries, Inc. ("WCM") brings this action for patent infringement against Herbert Hoeptner III d/b/a Hoeptner Perfected Products, and for its Complaint alleges as follows:

### THE PARTIES

1.     WCM is a Colorado corporation with its principal place of business at 2121 Waynoka Road, Colorado Springs, CO 80915.

2.     Herbert Hoeptner III is an individual with a residence at 7796 Oak Springs Cir., Gilroy, CA, 95020.  On information and belief, Hoeptner Perfected Products is unincorporated and has its principal place of business at 7796 Oak Springs Cir., Gilroy, CA, 95020.  On information and belief, Herbert Hoeptner III does business as Hoeptner Perfected Products. Herbert Hoeptner III and Hoeptner Perfected Products are collectively referred to as "Hoeptner" herein, unless otherwise noted.

1

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.  The amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

4.      The Court has personal jurisdiction over Hoeptner because, on information and belief, Hoeptner has regularly and systematically transacted business in this judicial district, directly or through intermediaries, and/or committed acts of infringement in this judicial district. Hoeptner has also placed infringing products into the stream of commerce by shipping those products into this district or knowing that such products would be shipped into this district.

5.      Hoeptner operates an interactive website at http://www.freezeflow.com/.  (Exhibit A.)  Hoeptner advertises infringing products on this website, the home page of which includes a hyperlink labelled "Contact us."  (*Id*.)

6.      When a person (*e.g*., a customer) clicks that hyperlink, the person's email program automatically opens a new email addressed to sales@freezeflow.com:

7.      The above referenced website also includes hyperlinks to various products, including an infringing product called "Executive Roof Hydrant."  (Exhibit A.)  Hoeptner touts that this product is "a No Drainer!"  (*Id*.)



8.      When a person (*e.g.*, a customer) clicks that hyperlink, another webpage opens, http://www.freezeflow.com/pages/executiveRoof.htm, which provides the person with further information about the infringing product.  (Exhibit B).  This webpage includes tabs labeled "Features," "How it Works," "Parts," "Documents," "Installation," "Spec," and "Orders."  (*Id*.)



9.      When a person (*e.g.*, a customer) clicks on "Orders," another webpage opens, http://www.freezeflow.com/pages/orders.htm.  (Exhibit  C.)  This webpage contains an email address, phone number, and fax number for placing orders with Hoeptner:

**Sanitary Hydrants**
**Ordering Information**

| Contact: | Hoeptner Products | | email | sales@freezeflow.com |
|---|---|---|---|---|
| | 7796 Oak Springs Circle | | phone | (408) 847-7615 |
| | Gilroy, California 95020 | | fax | (408) 847-0675 |
| Parts: | A complete break down of parts numbers can be viewed on the pages containing the individual hydrants. | | | |

10.    Hoeptner takes "orders via phone, email, fax and mail," and "will provide pricing assistance and additional information upon request."  (Exhibit C.)

| Orders: | We take orders via phone, email, fax and mail. |
|---|---|
| Prices: | Hoeptner Products will provide pricing assitance and additional information upon request. |

11.    Hoeptner placed a hyperlink labelled "Warranty" near the bottom of this webpage.  When a person (*e.g*., a customer) clicks that hyperlink, another webpage opens, http://www.freezeflow.com/assets/PDF%20Docs/Warranty.pdf, containing a document entitled "MANUFACTURER'S LIMITED ONE YEAR WARRANTY."  (Exhibit D.)

12.    On information and belief, Hoeptner conducts business in this district using, among other things, the above mentioned webpages, mailing address, email address, phone number, and fax number.  This business comprises offering to sell and selling infringing products in this district.  Upon information and belief, a substantial portion of Hoeptner's customer base is in Texas.

13.    Hoeptner conducts business on a national scale, which includes advertising, offering to sell, and selling infringing products nationally, including in Texas and in this district.

14.    As a part of Hoeptner's national sales campaign,  Hoeptner participates in industry sales shows and exhibitions.

4

15.     As a recent example of Hoeptner's national sales campaign, Hoeptner had an Exhibitor booth at the 2016 ASPE (American Society of Plumbing Engineers) Convention & Expo in Phoenix.  *See* https://aspe.org/sites/default/files/webfm/2016Conv/2016ASPE_ShowGuide_online.pdf. (excerpt attached as Exhibit E.)  The Exposition provided an "opportunity to spend quality time" to "meet and talk with" the "Exhibiting manufacturers" which "are anxious to show … their latest innovations."  *Id*., at p. 2.

16.     As another recent example of Hoeptner's national sales campaign, Hoeptner had an Exhibitor booth at "2016 Groundwater Week" in Las Vegas in December of 2016.  *See* https://ngwa.confex.com/ngwa/gw16/webprogram/Session10263.html.  (Exhibit F.)

17.     Hoeptner purports to have created a "plumbing standard" that is applicable to the infringing products.  Hoeptner has worked for years to have the states adopt this standard. Hoeptner wrote an email to the United States Patent & Trademark Office ("USPTO"), wherein he claims that it took "6 years just to get a plumbing standard developed," and that it "took another 10 years to get the states to adopt the standard."  *See* https://www.uspto.gov/sites/default/files/patents/law/comments/me_hoeptner_31may2012.pdf. (Exhibit G.)

18.     According to Hoeptner, the above referenced plumbing standard is a "national standard" designed "to help states avoid liability and give manufacturers the ability to meet one set of requirements."  *See* http://www.asse-plumbing.org/Articles/Backflow/Serious%20Cross%20Contamination%20in%20Yard%20Hydrants.pdf.  (Exhibit H.)

19.    Prior to the filing of this Complaint, WCM purchased in this judicial district from Hoeptner an infringing Executive Roof Hydrant, part number 213RE.  In particular, an employee of WCM's subsidiary, ISIMET/MAPA, LLC, located in Naples, Texas, purchased the infringing product for shipment to Mount Pleasant, Texas.  (Exhibit I.)

20.    Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other reasons, Hoeptner is subject to personal jurisdiction in this district with respect to this civil action and has committed acts of infringement in this district, including offering to sell and distributing and selling infringing products in this district.

21.    WCM has substantial contacts in this district.  For example, WCM's subsidiary ISIMET/MAPA, LLC maintains its principal place of business in this judicial district, at 103 W. CJ Wise Parkway, Naples, Texas.  *See*

http://mapaproducts.com/assets/files/catalog/MAPA_Products_Catalog.pdf.  (Exhibit J.)

## CLAIM FOR PATENT INFRINGEMENT

### Count I: Infringement of U.S. Patent No. 7,472,718

22.    WCM hereby incorporates the allegations of all of the above paragraphs as if fully set forth herein.

23.    United States Patent No. 7,472,718 ("the '718 Patent") is entitled "Assembly to Mount a Hydrant to a Roof."  The '718 Patent issued January 6, 2009, and names William T. Ball as the inventor.  The '718 Patent issued from United States Patent Application No. 11/554,232, filed on October 30, 2006.  It claims the benefit of Provisional Application No. 60/596,962, filed on November 1, 2005.

24.    WCM is the sole owner by assignment of all right, title, and interest in the '718 Patent.  WCM has standing to assert the claims in this Complaint.

25.     A true and correct copy of the '718 Patent is attached as Exhibit K.

26.     In non-technical terms, the '718 Patent describes and claims a roof-mounted water hydrant.  The roof-mounted hydrant includes a standpipe for supplying pressurized water to the hydrant's head.  The roof-mounted hydrant also includes a mounting assembly for securing the roof-mounted hydrant to the roof of a building.

27.     An exemplary, non-limiting embodiment of the invention described and claimed in the '718 Patent is shown in Figure 1:



Fig. 1

28.     Hoeptner has infringed, and is currently infringing, the '718 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing within this district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '718 Patent, including without limitation at least Claim 14, literally and/or under the doctrine of equivalents.

29.     Based on the information presently available to it, WCM alleges that Hoeptner's "Executive Roof Hydrant, part no. 2131RE," (*see* Exhibits A-C), is an exemplary device that infringes at least Claim 14 of the '718 Patent.

30.     The parts list for this product is attached as Exhibit L.  Executive Roof Hydrant, part no. 2131RE, is a roof-mounted hydrant comprising a hydrant assembly having a standpipe adapted for association with a building surface; a means for supporting having an upper opening that engages the standpipe; a means for securing (*i.e.*, an upper flange) interconnected to said means for supporting, said means for securing adapted for interconnection to the building surface (*i.e.*, with bolts, washers, and nuts); and a second means for securing positioned beneath said building surface (*i.e.*, a lower flange) that cooperates with same means for supporting as reflected in the following depiction of the infringing product:



| | |
|---|---|
| 1 | 2122-RY03; LEVER, PISTON HEAD, RE, YE |
| 2 | 2123-RY02; BOLT, SHOULDER, LEVER, RE, YE |
| 3 | 2100-R100; HEAD, RE, ASSEMBLY |
| 4 | 2200-0004; VACUUM BREAKER, EXEC HYD, ASS'Y |
| 5 | 2123-RY03; BOLT, SHOULDER, UPPER KINK, RE, YE |
| 6 | 2121-RY01; LINK, HEAD, RE, YE |
| 7 | 2123-RY01; BOLT, SHOULDER, LOWER LINK, RE, YE |
| 8 | 2100-R102; RISER, BUSHING, CLAMP, RE, ASSEMBLY |
| 9 | 2100-R105; BOLT 1/2-13X6", WASHER, WASHER, NUT |
| 10 | 2100-R103; FLANGE, RE, ASSEMBLY |
| 11 | 2126-R021; PIPE, WET, 3/8", GALV, RE |
| 12 | 2100-R101; PISTON, RE, ASSEMBLY |
| 13 | 210170018; SEAL KIT |
| 14 | 2100-R104; CYLINDER, RE, ASSEMBLY |
| 15 | 2144-R002; SLEEVE, 3.5" X 21.75, STEEL, RE |
| 16 | 2121-R010; FLANGE, SLEEVE, RE |
| 17 | 2172-R011; BUSHING, 1.0 NPT, FLANGE, SLEEVE, RE |

(Exhibit L.)

31.    On its website, Hoeptner supplies to its customers and potential customers "Executive Roof Hydrant Installation Instructions."  *See*

http://www.freezeflow.com/assets/PDF%20Docs/Executive%20Roof%20Install.pdf.  (Exhibit

M.)  The infringing features of the product, including the standpipe, the means for supporting the

standpipe, and the upper and lower flanges and associated mounting hardware (bolts, nuts,

washers) are seen in Hoeptner's Installation Instructions:



32.     The Executive Roof Hydrant, part no. 2131RE, discussed above, and any

Hoeptner products that are substantially similar in relevant aspects are referred to collectively as

the "Infringing Products."  WCM makes this preliminary identification of infringing products

and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

33.     On information and belief, Hoeptner had actual knowledge of the '718 Patent, and actual knowledge that the Infringing Products infringe the '718 Patent, before this Complaint was filed.  Facts supporting this belief are set forth below.

34.     Hoeptner and WCM are direct competitors in at least the market for roof-mounted hydrants.

35.     Upon information and belief, Hoeptner is generally familiar with roof-mounted hydrants sold by WCM or its affiliates, including for example, "Freezeless Roof Hydrant Model RHY 1-MS," depicted at the following URL:

http://www.woodfordmfg.com/Woodford/Yard_Hydrant_Pages/Model-RHY1.html.  (Exhibit N.)



36.    The above URL states that Freezeless Roof Hydrant Model RHY 1-MS is

"patented" and it specifically identifies the '718 Patent.  (*See id.*).

37.     On information and belief, Hoeptner had actual knowledge of the above URL, and Hoeptner has actually viewed the above URL, before this Complaint was filed.

38.     Upon information and belief, Hoeptner is familiar with the concept of patent marking.  According to Hoeptner, Executive Roof Hydrant, part no. 2131RE is "[c]overed by one or more" of several patents identified by Hoeptner.  (Exhibit L.)

39.     Upon information and belief, Hoeptner is knowledgeable with respect to the process for applying for and obtaining patents in the United States.  (*See* Exhibit G.)  Hoeptner claims to "have roughly 40 patents."  (*Id.*)

40.     Hoeptner has been involved in patent litigation actions, for example: *Herbert Hoeptner, III et al. vs. Matco-Norca*, *Inc*., Case # 2:10-cv-06002-GW-CW (C.D. Cal.); *Herbert Hoeptner, III et al. vs. Prier Products Inc*., Case # 2:12-cv-006762-CAS-PJW (C.D. Cal.); *Herbert Hoeptner, III vs. Mapa Manufacturing LLC*, Case # 3:10-cv-04466-JL (N. Dist. Cal.).

41.     Prior to filing this Complaint, WCM sent a letter to Hoeptner notifying Hoeptner that Hoeptner was infringing at least Claim 14 the '718 Patent and U.S. Patent No. D574,065.

42.     At minimum, Hoeptner had actual knowledge of the '718 Patent, and actual knowledge of allegations of infringement thereof, prior to being served with this Complaint.

43.     On information and belief, Hoeptner had actual knowledge that its customers directly infringe the '718 Patent, for example when they use an Infringing Product, such as Executive Roof Hydrant, part no. 2131RE, in the United States without authority from WCM.

44.     On information and belief, Hoeptner actively induces infringement of the '718 Patent under 35 U.S.C. § 271(b).  As discussed above, Hoeptner was actually aware that the act of using the '718 Patent in the United States without authority from WCM constitutes direct infringement of at least Claim 14 of the '718 Patent.

45.     Hoeptner specifically intends and encourages infringing acts through its advertisements, websites, and installation instructions given to its customers.  (*See* Exhibits A-D, L, M.)  Hoeptner also touts the Infringing Products at conventions and Exhibitions, for the purpose of selling them and instructing customers how to use and install them in the United States.  (*See* Exhibits E, F.)  Hoeptner also purports to have developed a plumbing "standard" that is applicable to the Infringing Products.  (*See* Exhibits B, G, H.)

46.     On information and belief, Hoeptner contributes to infringement of the '718 Patent under 35 U.S.C. § 271(c).  Hoeptner offers to sell or sells within the United States, or imports into the United States components of a patented machine, manufacture, or combination that constitute a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the '718 Patent, which components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

47.     As discussed above, Hoeptner was actually aware that the act of using the invention claimed in at least Claim 14 of the '718 Patent in the United States without authority from WCM constitutes direct infringement of at least Claim 14 of the '718 Patent.

48.     As discussed above, Hoeptner offers to sell and sells in the United States Executive Roof Hydrant, part no. 2131RE, which comprises a hydrant, means to support the hydrant, and upper and lower flanges with associated mounting hardware to secure the hydrant to the roof of a building.  (*See*, *e.g*., Exhibits L, M.)  These components constitute a material part of the invention and are not staple articles of commerce suitable for substantial non-infringing use.

49.     On information and belief, Hoeptner has and continues to willfully infringe at least Claim 14 of the '718 Patent.  On information and belief, as discussed above, Hoeptner had

actual knowledge of the '718 Patent and its infringement thereof, before this Complaint was filed.

50.     The '718 Patent is presumed valid under 35 U.S.C. § 282(a).

51.     On information and belief, Hoeptner copied roof-mounted hydrants sold by WCM or its affiliates, knowing that the same are covered by the '718 Patent.

52.     On information and belief, Hoeptner does not inform its customers that the Infringing Products are covered by the '718 Patent.

53.     Hoeptner's ongoing infringement of the '718 Patent irreparably harms WCM.

**Count II: Infringement of U.S. Patent No. D574,065**

54.     WCM hereby incorporates the allegations of all of the above paragraphs as if fully set forth herein.

55.     United States Patent No. D574,065 ("the '065 Patent") is entitled "Roof Mounted Hydrant Assembly."  The '065 Patent issued July 29, 2008, and names William T. Ball as the inventor.  The '065 Patent issued from United States Patent Design Application No. 29/248,316 filed on August 9, 2006.

56.     WCM is the sole owner by assignment of all right, title, and interest in the '065 Patent.  WCM has standing to assert the claims in this Complaint.

57.     A true and correct copy of the '065 Patent is attached as Exhibit O.

58.     In non-technical terms, the '065 Patent discloses and claims an ornamental design for a roof-mounted hydrant assembly, as shown in Figures 1-5.  The ornamental design includes a tube-like portion extending between upper and lower circular portions.  "In the figures a hydrant and a standpipe are depicted in broken lines and is not part of the claimed design." (Exhibit O.)

59.     The side elevation view of  Figure 2, the '065 Patent is shown on the left below, and a portion of Hoeptner's instructions for mounting Executive Roof Hydrant, part no. 2131RE is shown on the right:



60.     The top elevation view of Figure 4 of the '065 Patent shows that the upper circular element of the claimed design has four holes, which is similar to the corresponding portion of the Executive Roof Hydrant, part no. 2131RE, as shown below:



61.     The bottom elevation view of Figure 5 of the '065 Patent shows that the bottom circular element of the claimed design has four rounded wedge shape holes, which is similar to the corresponding portion of the Executive Roof Hydrant, part no. 2131RE, as shown below:



62.     Hoeptner has infringed, and  is currently infringing, the '065 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing within this district and elsewhere in the United States, without license or authority, products falling within the scope of the '065 Patent.

63.     Based on the information presently available to it, WCM alleges that Hoeptner's "Executive Roof Hydrant, part no. 2131RE," (*see* Exhibits A-C, L, M), is an exemplary device that infringes the '065 Patent.

64.     As noted above, the Executive Roof Hydrant, part no. 2131RE, and any Hoeptner products that are substantially similar in relevant aspects are referred to collectively as the "Infringing Products."  WCM makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

65.     On information and belief, Hoeptner had actual knowledge that the Infringing Products infringe the '065 Patent before this Complaint was filed.  As discussed above, Hoeptner and WCM are direct competitors in at least the market for roof-mounted hydrants; WCM's and Hoeptner's products are described in their respective websites and materials; their competing products are substantially similar; Hoeptner is generally familiar with patents and patent applications, patent legal concepts, and patent litigation; and WCM sent a letter to Hoeptner notifying Hoeptner that it was infringing at least Claim 14 of the '718 Patent and the '065 Patent.

66.     Upon information and belief, Hoeptner possessed actual knowledge of its infringement before this Complaint was filed and served.

67.     On information and belief, Hoeptner actively induces infringement of the '065 Patent under 35 U.S.C. § 271(b).  As discussed above, on information and belief, Hoeptner was actually aware that the act of using the '065 Patent in the United States without authority from WCM constitutes direct infringement of the '065 Patent.

68.     As discussed above, Hoeptner specifically intended and encouraged infringing acts through its advertisements, websites, and installation instructions given to its customers. Hoeptner also touts the Infringing Products at conventions and Exhibitions, for the purpose of selling them and instructing its customers how to use and install them in the United States. Hoeptner also purports to have developed a plumbing "standard" applicable to  the Infringing Products.

69.     On information and belief, Hoeptner contributes to infringement of the '065 Patent under 35 U.S.C. § 271(c).  Hoeptner offers to sell or sells within the United States, or imports into the United States components of a patented machine, manufacture, or combination that constitute a material part of the invention, knowing the same to be especially made or

18

adapted for use in an infringement of the '065 Patent, which components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

70.     As discussed above, Hoeptner offers to sell and sells in the United States Executive Roof Hydrant, part no. 2131RE, which comprises a hydrant, a tubular portion, and upper and lower circular portions.  (*See*, *e.g*., Exhibits A, B, C, L, M.)  These components constitute a material part of the invention and are not staple articles of commerce suitable for substantial non-infringing use.   Hoeptner instructs and encourages its customers to install this product on roofs, including on corrugated roofs.  (*See id*.)

71.     On information and belief, Hoeptner has and continues to willfully infringe the '065 Patent.  On information and belief, as discussed above, Hoeptner had actual knowledge of the '065 Patent and its infringement thereof, before this Complaint was filed.

72.     The '065 Patent is presumed valid under 35 U.S.C. § 282(a).

73.     On information and belief, Hoeptner copied roof-mounted hydrants sold by WCM or its affiliates, knowing that the same are covered by the '065 Patent.

74.     On information and belief, Hoeptner does not inform its customers that the Infringing Products are covered by the '065 Patent.

75.     Hoeptner's ongoing infringement of the '065 Patent irreparably harms WCM.

## PRAYER FOR RELIEF

WHEREFORE, WCM prays for relief as follows:

A.     Judgment that Hoeptner has directly infringed the '718 Patent and the '065 Patent, both literally and under the doctrine of equivalents;

B.     Judgment that Hoeptner has induced the infringement of the '718 Patent and the '065 Patent;

C.      Judgment that Hoeptner has contributed to the infringement of the '718 Patent and the '065 Patent;

D.      Judgment that Hoeptner has willfully infringed the '718 Patent and the '065 Patent;

E.      An order preliminarily and permanently enjoining Hoeptner, and all of its directors, owners, partners, employees, servants, and agents, and all those persons in acting in concert or participation therewith, from directly or indirectly infringing the '718 Patent and the '065 Patent;

F.      Damages in an amount according to proof, and in any event no less than a reasonable royalty for infringement of the '718 Patent, together with interest and costs as fixed by the court;

G.      Damages to the extent of Hoeptner's total profit under 35 U.S.C. § 289 for infringement of the '065 Patent;

H.      Enhancement of all damages up to three times the amount found or assessed;

I.      Judgment that this is an exceptional case under 35 U.S.C. § 285;

J.      An award of reasonable attorneys' fees and taxable and non-taxable costs and expenses;

K.      Prejudgment interest on all damages awarded to WCM;

L.      Post-judgment interest on all sums awarded to WCM from the date of the judgment;

M.      Costs of suit incurred herein; and

N.      Any and all other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

WCM demands a trial by jury on all issues so triable under Fed. R. Civ. P. 38.

Dated:  March 3, 2017                    Respectfully submitted,


                                         */s/ Robert Christopher Bunt*
                                         PARKER, BUNT & AINSWORTH, P.C.
                                         Robert Christopher Bunt
                                         rcbunt@pbatyler.com
                                         State Bar No. 00787165
                                         100 E. Ferguson, Suite 1114
                                         Tyler Texas 75702
                                         Telephone: (903) 531-3535
                                         Facsimile: (903) 533-9687

                                         Of Counsel:

                                         KILPATRICK, TOWNSEND & STOCKTON LLP

                                         David E. Sipiora
                                         Edward J. Mayle (VA# 80667; *pro hac vice*
                                         application pending)
                                         1400 Wewatta Street, Suite 600
                                         Denver, Colorado 80202
                                         Telephone:  (303) 571-4000
                                         Facsimile:  (303) 571-4321
                                         dsipiora@kilpatricktownsend.com
                                         tmayle@kilpatricktownsend.com